JOHN D. GILLETT

v.

ROBERT WEBB ET AL.

</div>

COURT AND JURY—ACCEPTANCE.—This court is not inclined to hold refined and metaphysical distinctions as to the respective powers of court and jury, and is of opinion that no sound legal principle was violated by the statement of the court in this case as to what constituted an acceptance·

APPEAL from the Circuit Court of Logan county; the Hon. GEORGE W. HERDMAN, Judge, presiding.   Opinion filed December 4, 1885.

Gillett v. Webb.

Messrs. BLINN & HOBLIT, for appellant.

Messrs. BEACH & HODNETT, for appellees.

WALL, P. J.  This was an action of assumpsit by the appellees against the appellant to recover a sum alleged to be due for sawing lumber.

The pleas were general issue, payment, and tender of $685. The case was tried by a jury, and there was a verdict and judgment for $900.

The appellant employed the appellees to saw a quantity of timber growing upon the land of the appellant into lumber. The price to be paid was $10 per thousand by the original agreement, but afterward it was fixed at $8 as to a certain portion. The whole amount sawed as claimed by appellees was 362,315 feet, of which 305,435 was under the $10 contract, and the residue was charged at $8. There were certain credits about which there was no dispute and the appellees claimed the balance due them was $1,025.29.

The appellant, by his plea of tender, admitted that there was due about $680, the sum tendered being $685, and the cost then due less than $5. The real contention was with regard to the amount of rotten lumber for which under the contract appellant was not bound to pay. There was conflicting testimony on this point and the jury by their verdict made an allowance for this item, of $125.29. After an examination of the evidence we are not prepared to say that this finding is unjust to either party.

It is urged on behalf of appellant that several of the instructions given for appellees were calculated to mislead the jury because there was not sufficient evidence upon which to base them.

We think this objection is not well taken. A further objection is presented as to the 6th of the instructions given for appellees, that it undertakes to inform the jury that the supposed facts therein referred to, would, if true, constitute an acceptance; that what would prove or amount to an acceptance was a pure question of fact which should have been left to the jury.

We are of opinion the facts stated, if true, should estop the appellant from insisting now upon the right to reject the lumber, and that no sound legal principle. was violated by so advising the jury.

Theoretically it may be true that what is an acceptance in such a case is for the jury. This in a general way, but we can see no good reason why the court may not inform the jury as to the legal effect of certain acts in this respect, leaving the jury to find whether there were such acts or not.

The fourth instruction is objected to because it is too argumentative, and calls especial attention to particular facts as tending to show an acceptance of the lumber; but we do not consider it so faulty as to furnish ground for reversal.

Refined and metaphysical distinction as to the respective powers of the court and jury would often render it very difficult if not impossible for the court to assist the jury by its instructions.

We are not inclined to hold with such technical nicety. Under our practice the court must supervise the conclusion of the jury and set aside the verdict when it is clearly unjust. Thus the court is ultimately responsible for all its judgments, and as it should not hesitate to grant a new trial in a proper case, it should also give the jury all reasonable aid in solving the questions before them, taking care of course not to overstep the plain boundary that separates the two. The instructions for the appellant were very full upon all the points involved, and considering the whole record, we think substantial justice has been done.

The judgment of the circuit court will therefore be affirmed.

Affirmed.